IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN GOERIG, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:24-cv-0168-JDW |
| : | |
| CORRECTIONAL OFFICER : | |
| TUPPER, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

Plaintiff Jonathan Goerig brings this claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), based on allegations that prison officials at the Federal Detention Center in Philadelphia ("FDC") failed to protect him from The Third Circuit has held that Mr. Goerig's theory is not viable under *Bivens*, so I will dismiss it with prejudice.

I.    **BACKGROUND**

When Mr. Goerig was an inmate at the FDC, he learned that three other inmates were planning to stab him because he was charged with a sex crime. The Correctional Officers and Lieutenants at the FDC knew of the risks that inmates with such charges face. He made several efforts to get a transfer, but prison officials refused him a transfer.

Approximately one week later, the three inmates attacked him. Although Mr. Goerig fought off the attacker with the knife, the others beat him severely. A correctional officer who accompanied him to the hospital that he suffered the

consequences that sex offenders do and that one of the inmates who attacked him had a history of attacking other inmates and sending them to the hospital. Upon returning to the FDC from the hospital, prison authorities placed him the Special Housing Unit for a month, where he wasn't allowed out of his cell. Eventually, he returned to general population.

Mr. Goerig commenced this civil action on January 12, 2024. He names: Correctional Officer Tupper, Correctional Officer Poelkner, Lieutenant in Charge on 11-23-2022, and Lieutenant in Charge on 11-24-2022 as defendants. I granted Mr. Goerig *in forma pauperis* status and directed service of the Complaint by the United States Marshal Service.

The Defendants moved to dismiss. While their motion was pending, the Third Circuit issued a precedential decision in *Fisher v. Hollingsworth*, 115 F.4th 197, 208 (3d Cir. 2024).[1] Based on that decision, Defendants supplemented their Motion. The Motion is ripe for review.

## II.  STANDARD OF REVIEW

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a

---

[1] In 2018, the Third Circuit recognized the possibility of a *Bivens* action for failure to prevent inmate-on-inmate violence. *See Bistrian v. Levi*, 922 F.3d 79 (3d Cir. 2018). But in *Fisher*, the Third Circuit recognized that the Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482 (2022), abrogated the decision in *Bistrian*.

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.    DISCUSSION

Since the Supreme Court decided *Bivens* in 1971, it "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017). The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022). The Supreme Court has reiterated that those "three cases - *Bivens*, *Davis*,

and *Carlson* - represent the only instances in which [it] has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further … [because] [t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra*, 27 F.4th at 180 (citation omitted).

Recently, the Third Circuit has held that there is no implied constitutional damages action against federal officials who fail to protect prisoners from the criminal acts of their fellow inmates. *See Fisher v. Hollingsworth*, 115 F.4th 197, 208 (3d Cir. 2024).[2] That ruling forecloses Mr. Goerig's claims, and I will therefore dismiss them. In addition, because the Third Circuit's decision in *Fisher* forecloses any path forward, I will dismiss the claims with prejudice.

## IV.    CONCLUSION

Mr. Goerig's claims are not viable, so I will dismiss them with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

November 6, 2024

---

[2] In 2018, the Third Circuit recognized the possibility of a *Bivens* action for failure to prevent inmate-on-inmate violence. *See Bistrian v. Levi*, 922 F.3d 79 (3d Cir. 2018). But in *Fisher*, the Third Circuit recognized that the Supreme Court's decision in *Egbert v. Boule*, 596 U.S. 482 (2022), abrogated the decision in *Bistrian*.